## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     **:**

                                 **3:10-CR-187**

                               **:**

      **v.**

                               **:**     **(JUDGE MANNION)**

**DAVION DAVIS,**                      **:**

           **Defendant**           **:**

## <u>MEMORANDUM</u>

## I.   BACKGROUND

On June 29, 2020, defendant Davion Davis filed, *pro se*, an Emergency Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. §3582(c)(1)(A). Davis requests the court to reduce his 12-month supervised release revocation prison sentence to time served so that he can shelter in place at home in Scranton, Pennsylvania. Davis's motion is based on the COVID-19 pandemic and his underlying "health issues rendering him extremely vulnerable to the COVID-19 virus", including hypertension, diabetes, obesity, and hyperlipidemia." (Doc. 52). In particular, Davis, age 35, seeks the court to release him from confinement in prison at FCI Cumberland, located in Maryland, to his home due to his fear that he may contract the COVID-19 virus in prison and, his fear that if he does, based on his medical conditions, he will be at greater risk to suffer more severe consequences. Davis alleges that the prison has experienced an outbreak of

1

COVID-19 since he was incarcerated there. He also alleges that the prison is not adequately testing for the virus and that "the prison is unable to provide [him] with a safe environment", including social distancing and other safety protocols recommended by the CDC.[1]

Davis submitted two Exhibits with his motion, namely, Ex. A, portions of his BOP medical records indicating that he has the stated conditions, and Ex. B, a copy of his April 4, 2020 request for compassionate release due to the COVID-19 pandemic and his medical conditions (alleging that he is "subject to fatal danger" in the prison). Davis contends that since he submitted a request to the Warden and 30 days have passed since the Warden received his request, he has exhausted his administrative remedies and he can file his motion directly with the court under 18 U.S.C. §3582(c)(1)(A).

On June 29, 2020, the court directed the government to respond to Davis's motion and to include in its response the defendant's medical conditions and the measures which the prison has taken to comply with the

---

[1]The number of COVID-19 cases in a federal prison can be found at COVID-19 Cases, Federal BOP, https://www.bop.gov/coronavirus/. According to the government, "as of July 6, 2020, six inmates and two staff members have tested positive for COVID-19 [at FCI Cumberland]", and that "[a]ll have recovered." The BOP's website indicates that as of July 27, 2020, FCI Cumberland currently has two positive cases of COVID-19 among staff and no positive cases among inmates.

Lackawanna County, where Davis is seeking to be released on home confinement, has 1,854 positive cases of COVID-19 and 212 deaths as of July 27, 2020. *See* Pa. Dept. of Health website.

Center for Disease Control (CDC) guidelines regarding the COVID-19 pandemic. The court also directed the government to address whether the defendant exhausted his BOP administrative remedies with respect to the relief sought in his motion. (Doc. 53).

On July 9, 2020, the government filed its brief in opposition to Davis's motion. (Doc. 54). The government also attached a copy of Warden Bell's response to Davis's request for compassionate release. (Doc. 54-1). Specifically, on April 24, 2020 Warden Bell denied Davis's April 10, 2020 request for Compassionate Release/Reduction in Sentence, pursuant to BOP Program Statement 5050.50 and 18 U.S.C. §3582, based on COVID-19. In his response, the Warden stated that Davis's request was evaluated under the BOP's criteria to see if it met the applicable "extraordinary and compelling" standard, and that "[b]ased on a review of [Davis's] request, [COVID-19] is not part of the criteria established for consideration under in [Program Statement] 5050.50." Warden Bell also advised Davis that if he was "dissatisfied with this response, [he] may appeal using the Administrative Remedy process at the institution level within (20) calendar days of the receipt of this response", i.e., by submitting a BOP form BP-9. Further, the government also filed, under Seal, copies of Davis's BOP medical records. (Doc. 56).

After considering Davis's motion, it will be dismissed without prejudice for lack of jurisdiction due to his failure to exhaust all of his BOP administrative remedies under §3582(c)(1)(A)(i). To the extent Davis is also

deemed as seeking the court to order the BOP to find him eligible for immediate home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement.[2]

## II.    DISCUSSION

On November 17, 2010, Davis was sentenced to 120 months in prison to be followed by five years of supervised release for the crime of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §846. After he served his prison sentence, Davis was placed on supervised release on March 29, 2019. On September 23, 2019, Davis was arrested by the Scranton Police Department and the U.S. Probation Office filed a petition seeking to revoke his supervised release.

On January 2, 2020, Davis appeared before the court and admitted to violating the conditions of his supervised release. The court imposed a prison sentence on Davis of 12 months and one day, followed by 4-years of supervised release. (Doc. 51).

---

[2]Since Davis is proceeding *pro se*, the court liberally construes his motion as also seeking home confinement pursuant to the CARES Act, in addition to a motion compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A).

The court will first consider the exhaustion issue since it is a threshold matter. *See* United States v. Gadsden, 2020 WL 3871083, *1 (W.D.Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

In its brief, (Doc. 54 at 1), the government states:

> On or about April 10, 2020, the warden at FCI Cumberland received a request from Davis for compassionate release/reduction in sentence, based on the Davis's concerns about the COVID-19 virus. That request was denied by the warden on April 24, 2020. (*See* [Doc. 54-1]).  Davis did not appeal that decision administratively to the [Bureau of Prisons ("BOP")].

The government then incorrectly contends that Davis's motion is now properly before the court and that the court should deny the motion on its merits with prejudice since Davis has not met his burden of establishing that a sentence reduction is warranted under 18 U.S.C. §3582(c)(1)(A). It also states that to the extent that Davis's motion may be interpreted as a request for home confinement, this court lacks authority with respect to such a request.

The court is well-aware of the Department of Justice's recent position change that an inmate's failure to appeal the Warden's decision to the BOP does not constitute a failure to exhaust his administrative remedies and that

simply because 30 days have lapsed since the inmate submitted his request to the Warden, this court has jurisdiction to decide his motion.[3]

As mentioned, the Exhibits show that Davis submitted a Request for Compassionate Release to the Warden, received on April 10, 2020, and on April 24, 2020 Warden Bell timely responded to the request and denied it. The Warden specifically advised Davis of the administrative remedies with the BOP to appeal his decision. Rather than proceed with his administrative remedies to appeal the Warden's denial of his request for compassionate release and then complete the BOP administrative remedy process, Davis filed his instant motion with this court on June 29, 2020, requesting compassionate release under 18 U.S.C. §3582(c)(1)(A).[4]

---

[3]The court notes that the government has also taken the contrary position, before this court as well as in other district courts, that a defendant fails to demonstrate that he exhausted his administrative remedies if he does not appeal the warden's timely denial of his request for compassionate release to the BOP Regional Director's office and Office of General Counsel pursuant to 28 C.F.R. §§542.15 and 571.63, and that such motions should be denied as premature. *See e.g.* United States v. Gadsden, 2020 WL 3871083, *1.

[4]Since the government included in its response the safety measures implemented by the BOP in response to the COVID-19 virus, as well as the safety protocols enacted at FCI Cumberland, (Doc. 54 at 3-14), and since this court is well-aware of all of the safety measures implemented by the BOP, *see* Cordaro, 2020 WL 2084960, and since many of the measures are found on the BOP's website, they are not repeated. *See also* BOP website: www.bop.gov/coronavirus/index.jsp. The court has also reviewed the May 26, 2020 Memorandum from Ken Hyle, BOP Assistant Director/General Counsel to the Honorable Ricardo S. Martinez, Chair of the Judicial Conference Criminal Law Committee, regarding updated information from the Bureau of Prisons with respect to its response to the COVID-19

Davis and the government assert that this court has jurisdiction since defendant filed his instant motion over 30 days after he submitted his request to the Warden despite the fact that he did not appeal the Warden's response through the BOP administrative remedy process, as he should have. Since the Warden timely responded to Davis's request, and advised Davis that he could appeal the response *via* the BOP administrative remedy process, this court finds that Davis has not exhausted his administrative remedies as required, and that the court cannot waive the exhaustion requirement. *See* United States v. Greenlove, 2020 WL 3547069 (M.D. Pa. June 30, 2020); United States v. Fraction, 2020 WL 3432670 (M.D. Pa. June 23, 2020); United States v. Muskey, 2020 WL 3547084 (M.D. Pa. June 30, 2020); United States v. Gadsden, 2020 WL 3871083.

The court finds that Davis's motion should be dismissed for lack of jurisdiction because he has not exhausted his administrative remedies. The exhaustion requirement is "mandatory" and since Davis filed his instant motion with the court before exhausting his administrative remedies with the BOP, this court is "without jurisdiction to entertain the motion." *See* Greenlove, *supra*; Fraction, *supra* (citing Untied States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). This court has also held that it is bound to follow the Third Circuit's Raia case. *See also* United States v. Blevins, 2020 WL 3260098, *2 (S.D. Miss. June 16, 2020) ("The statute [18 U.S.C.

---

pandemic and about revised screening procedures for new inmates being confined in federal prisons to reduce the spread of the virus.

§3582(c)(1)(A)] does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise.") (citing United States v. Koons, 2020 WL 1940570, at *3 (W.D.La. Apr. 21, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute."); United States v. Martin, 2020 WL 3065302, at *3 (S.D.Miss. June. 9, 2020)) (district court criminal nos. omitted). *See also* United States v. Smith, ---F.Supp.3d---, 2020 WL 2487277, *7 (E.D.Ar. May 14, 2020) ("the interpretation of §3582(c)(1)(A) is a jurisdictional issue" and, the court concurred with the courts that have found "a defendant may go 'directly to court if a warden is not responsive to a request but, if a warden *does* act within 30 days, the defendant would be required to pursue an administrative appeal' before going to court.") (emphasis original).[5] *See also* United States v. Gadsden, 2020 WL 3871083, *2 ("if the warden does not respond to the inmate's request, the inmate may file a motion with the court

---

[5]This court agrees with the in-depth analysis of the court in United States v. Smith, ---F.Supp.3d---, 2020 WL 2487277, *7-9, and its conclusion that: "a defendant may only file a motion for compassionate release if he has fully exhausted his administrative remedies, or if the warden fails to act on his request within 30 days of receipt. Because the warden here responded to [defendant's] request in less than 30 days, [defendant] was required to fully exhaust his administrative remedies prior to filing this Motion." The court also held that in such circumstances, the court does not have jurisdiction over defendant's motion. (citing, in part, United States v. Nance, 2020 WL 114195, at *2 (W.D.Va. Jan. 10, 2020) ("reasoning that reading lapse as nothing more than the passage of time 'would ignore the extreme unlikelihood of any administrative appeal within the bureaucracy of the Bureau of Prisons being completed in 30 days.'").

after 30 days have lapsed", and "if the warden does respond by denying the inmate's request, the inmate is obligated to fully exhaust all the administrative procedures before filing a motion with the court.") (citation omitted).

Warden Bell responded to Davis's request in a timely manner within the 30-day period, and then advised defendant that he could appeal the April 24, 2020 response through the BOP administrative remedy process. Instead of then appealing the Warden's response, Davis simply waited 30 days after the Warden received his request and then filed his instant motion with this court alleging that it is now properly before the court.

Regarding exhaustion in this case, the court must first consider whether Davis has exhausted his BOP administrative remedies despite the government's misplaced concession on this issue. *See* Blevins, 2020 WL 3260098, *2 (Court first considered the exhaustion issue even though "the Government seem[ed] to concede that there has been exhaustion", and the court then found that "the Defendant failed to exhaust his administrative remedies" and dismissed his motion.). *See also* United States v. Bolze, --- F.Supp.3d---, 2020 WL 2521273, *3 (E.D.Tn. May 13, 2020) (court held that "the exhaustion requirement is a prerequisite to the court's exercise of its authority under §3582(c)(1)(A)", and "the Court lacks jurisdiction to reduce a term of imprisonment under §3582(c)(1)(A) if defendant has not exhausted his administrative remedies ….").

9

Davis did not appeal the response from the Warden *via* the BOP's administrative remedy process, and since the Warden timely responded to Davis's request, Davis cannot directly file his motion with the court, as he contends he can, without exhausting his administrative remedies. *See* Blevins, 2020 WL 3260098, *3 ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted). "Therefore, a defendant does not satisfy the exhaustion requirement of §3582(c)(1)(A) if he does not appeal the warden's decision to deny compassionate release." *Id.* (citing United States v. Pinson, 2020 WL 2771343, at *3 (S.D.Tex. May 28, 2020) ("finding defendant's failure to appeal the warden's denial of compassionate release meant that he failed to exhaust his administrative rights"). If the Warden fails to respond to the inmate's request within 30 days, then he can file his motion for compassionate release with the court without fully exhausting his BOP administrative remedies. *See* United States v. Smith, ---F.Supp.3d---, 2020 WL 2487277, *9.

As the court in United States v. Smith, 2020 WL 2063417, *2 (N.D.Oh. April 29, 2020), explained:

> Smith has also failed to fully exhaust his administrative remedies with respect to his original motion. Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision. *See* 28 C.F.R. §542.15(a); *see also* B.O.P. Program Statement 5050.50 §571.63 (citing the Administrative Remedy Program appellate procedure as the proper

method of administratively appealing a denied §3582(c)(1)(A)); *see, e.g.*, United States v. Brummett, 2020 WL 1492763, at *1-2 (E.D.Ky. Mar. 27, 2020)(denying request for compassionate release due to COVID-19 for failure to exhaust because inmate did not appeal warden's denial of his request for a reduction in sentence).

Recently, in United States v. Early, 2020 WL 2572276, *3 (W.D.Pa. May 21, 2020), the court considered a similar exhaustion issue as presented in the instant case, and stated: "Warden Williams responded to Defendant's request [for compassionate Release/Reduction in Sentence] within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies." The court in Early, *id.*, also stated that the court may not waive the exhaustion requirement and that "exhaustion of [defendant's] administrative remedies is mandatory." (citing United States v. Raia, 954 F.3d 594 (3d Cir. 2020)). "In Raia, the Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the 'exhaustion requirement takes on added – and critical – importance.'" *Id.* (quoting Raia, 954 F.3d at 597). "The BOP is in the best position to consider the myriad of factors necessary in rendering a decision." *Id.*

Davis, like the defendant in the Early case, *id.* at *2, as well as the defendant in the Greenlove case, contends that the exhaustion requirement is satisfied because he filed his request over 30 days before he filed his

instant motion, despite the fact that the Warden responded to his request within the 30-day time frame provided for in the First Step Act.

The court in <u>Early</u>, *id.* at *3, explained:

> Defendant's reading of the statute is misplaced. Courts have interpreted the statue to mean that an inmate must fully exhaust his administrative remedies unless his or her warden does not respond to the inmate's request within 30 days. *See* <u>United States v. Nance</u>, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020). In other words, a defendant must wait to file a motion with this Court until either his administrative request related to compassionate release is denied and he fully exhausts all administrative rights to appeal or thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first. *Id.* ("[C]ases indicate that this statutory exhaustion requirement has been interpreted to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request."), citing, <u>United States v. Bolino</u>, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020). *See also*, <u>United States v. Bevans-Silva</u>, 2020 WL 2475079 (S.D. Ga. May 13, 2020); <u>United States v. Samuels</u>, 2020 WL 2499545, at *2 (W.D. La. May 13, 2020); <u>United States v. McCallister</u>, 2020 WL 1940741, at *2 (W.D. La. April 21, 2020); <u>United States v. Rodriguez</u>, —— F.Supp.3d ——, ——, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020) ("Under the First Step Act ... it is possible for inmates to file compassionate-release motions—under the 30-day lapse provision—when their warden never responds to their request for relief."); <u>United States v. Mattingley</u>, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020); <u>United States v. Keith</u>, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)(To exhaust administrative remedies, a defendant "first submits his request to BOP and either (1) complete the administrative appeal process, if BOP denies his request; or (2) wait 30 days from BOP's receipt of his request to deem its lack of response a denial of his request."). [District Court criminal nos. omitted].

In <u>United States v. Solomon</u>, 2020 WL 2768897, *3 (W.D.Pa. May 28, 2020), the court stated, "[c]ourts have interpreted [18 U.S.C. §3582(c)(1)(A)]

to mean that an inmate must fully exhaust his administrative remedies unless his or her warden does not respond to the inmate's request within 30 days." (citing <u>Early</u>, 2020 WL 2572276, at \*3). This court concurs with <u>Early</u>, <u>Solomon</u>, <u>United States v. Smith</u>, ---F.Supp.3d---, 2020 WL 2487277, and <u>Blevins</u>, as well as the cases to which they cite, and finds that Davis must wait to file a motion with the court after he fully exhausts all administrative rights with respect to the Warden's response to his administrative request for compassionate release since the Warden responded to his request within 30 days from the date he submitted it. *See id.* (citing <u>Early</u>, 2020 WL 2572276, at \*3).  *See also* <u>United States v. Martin</u>, 2020 WL 3065302, \*3 (S.D.Miss. June 9, 2020) (Court "agree[d] with those courts interpreting the 'lapse' provision [i.e., the language in 18 U.S.C. §3582(c)(1)(A) providing that the court can consider a motion for compassionate release after the "lapse of 30 days from the receipt of such a request by the warden"] as having a futility component: it applies only when the BOP has failed to respond to a compassionate-release request within 30 days of its submission. If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citing <u>Early</u>, 2020 WL 2572276, at \*3; <u>Blevins</u>, 2020 WL 3260098, \*3 ("Inasmuch as [defendant's] request was denied [by the warden] before the lapse of 30 days, he is required to fully exhaust his administrative remedies before the Court may hear his Motion. There is no evidence that [defendant] appealed the warden's

13

decision with the BOP. By failing to appeal the warden's decision to the Regional Director, [defendant] has not fully exhausted his administrative rights and the suit must be dismissed."); <u>United States v. Ng Lap Seng</u>, --- F.Supp.3d---, 2020 WL 2301202, *5-6 (S.D.N.Y. May 8, 2020)).

In <u>Ng Lap Seng</u>, 2020 WL 2301202, *5-6, the Court held that section 3582(c)'s "exhaustion requirement is clearly statutory and therefore mandatory" and, did not agree with courts that have "interpreted 'lapse of 30 days from the receipt of such a request by the warden,' 18 U.S.C. §3582(c)(1)(A), to mean that the statute's exhaustion requirement is satisfied merely upon the passage of 30 days from the date the warden receives a defendant's request that the BOP file a compassionate release motion on its behalf, regardless of whether the BOP has failed to take action on the request." The court stated that this "first reading would also—in many cases—render the statute's provision regarding full exhaustion of administrative remedies meaningless, as defendants like Ng would forego appealing a warden's denial of their compassionate release request if the 30-day period was nearing an end." *Id.* The court in <u>Ng Lap Seng</u> then "agree[d] with the courts that have interpreted Section 3582(c)(1)(A)'s 'lapse' language as requiring the BOP's failure to respond to a prisoner's request for a compassionate release motion within thirty days, giving the court discretion to hear a compassionate release motion if the BOP has failed to timely consider the request." *Id.* at *6. The court also explained that "given the BOP's regulations regarding its deadlines for considering compassionate

release requests, it is unlikely in the normal case that a defendant could exhaust his administrative remedies within 30 days", and that "[i]f Congress desired to so fundamentally change the compassionate release process by circumventing the BOP's full administrative review, Congress could have used clearer language, as it did elsewhere in the First Step Act." *Id.* The court then concluded that "[b]ecause I read Section 3582(c)(1)(A)'s 'lapse of 30 days' language to require the BOP's failure to respond to a compassionate release request within thirty days of its submission to the BOP, I conclude that Ng must fully exhaust the BOP appeals process to satisfy Section 3582(c)(1)(A)'s exhaustion requirement", and that the defendant "has not yet satisfied this exhaustion requirement due to his failure to fully appeal the warden's denial of his request." *Id.* at *7. The court in Ng Lap Seng also indicated that if Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, then the government can waive the affirmative defense of exhaustion. Conversely, if Section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional, as this court has found it is based on Raia, then the government cannot waive the exhaustion issue and the court must be satisfied that it has jurisdiction to consider the merits of a defendant's motion for compassionate release. As indicated, this court has found that exhaustion of administrative remedies is mandatory under 18 U.S.C. §3582(c)(1), *see* Blevins, 2020 WL 3260098, *2, Greenlove, *supra*, and since Davis has not exhausted his remedies with respect to the Warden's response to his

15

request, this court does not have jurisdiction to grant his request for compassionate release.

This court has concurred with the court in <u>Ng Lap Seng</u> as well as the courts cited therein, *id.* at *6 (string citations omitted), which have held that "the exception to exhaustion in section 3582(c)(1)(A) 'provides that Defendants can bypass exhaustion altogether if the warden fails to act on an administrative application for compassionate release within 30 days.'" However, if the warden responds to defendant's request within 30 days, then defendant must exhaust all of his BOP administrative rights to appeal the warden's decision as provided by BOP Program Statement No. 5050.50, and "the same exhaustion procedure for routine administrative grievances (i.e., the use of forms BP-9 through BP-11) applies to requests for compassionate release." *Id.* at *7 (citing 28 C.F.R. §542.15(a)). The court notes that since the court in <u>Ng Lap Seng</u>, *id.* at *7, detailed all of the required administrative remedies an inmate must pursue before filing a motion for compassionate release with the court, as well as citations to the applicable websites, they are not repeated herein. *See also* <u>Blevins</u>, 2020 WL 3260098, *3; <u>United States v. Martin</u>, 2020 WL 3065302 (S.D.Miss. June 9, 2020) ("For the reasons articulated by the court in <u>Ng Lap Seng</u>, this Court agrees with those courts interpreting the 'lapse' provision as having a futility component: it applies only when the BOP has failed to respond to a compassionate-release request within 30 days of its submission. If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative

remedies before the Court may consider his motion to modify his sentence under the statute. In this case, Martin says his request was initially denied within the 30-day window, and he does not demonstrate that he fully exhausted that denial. In this procedural posture, the Court 'may not modify [his] term of imprisonment.'") (citing 18 U.S.C. §3582(c)(1)(A)).

This court has also interpreted Section 3582(c)(1)(A)'s "'lapse of 30 days'" language to require the BOP's failure to respond to a compassionate release request within thirty days of its submission to the BOP", Ng Lap Seng, *id.* at *7, and it finds that defendant Davis "must fully exhaust the BOP appeals process to satisfy Section 3582(c)(1)(A)'s exhaustion requirement" since the Warden did respond to his request within 30 days. Here, the court finds that defendant has not yet satisfied the exhaustion requirement since he has failed to fully appeal the Warden's April 24, 2020 decision. In short, simply because defendant submitted his compassionate release request more than 30 days before he filed his instant motion, does not establish that the 30-day requirement for exhaustion of administrative remedies has been met. *See* United States v. Smith, ---F.Supp.3d---, 2020 WL 2487277, *7-9.

Also, to the extent that Davis is deemed as attempting to argue futility based on his above stated allegations in his motion, and requests the court to consider the substantive merits of his motion, this court has concurred with the courts that have found that there is no futility exception in 18 U.S.C. §3582(c)(1)(A). *See* Greenlove, *supra*; Blevins, 2020 WL 3260098, *2 ("The

statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise.").

Simply stated, the court cannot waive Section 3582(c)(1)(A)'s exhaustion requirement because it is jurisdictional. *See* <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020) (Third Circuit held that courts cannot consider a request for compassionate release under the First Step Act until the inmate has exhausted his BOP administrative remedies.); <u>United States v. Davila</u>, 2020 WL 2839860, *2 (W.D.Pa. June 1, 2020) ("The exhaustion requirement that applies in this case is explicitly set forth in §3582(c)(1)(A), and, therefore, cannot be excused."); <u>United States v. Pitt</u>, 2020 WL 2098272, *2 (M.D.Pa. May 1, 2020) ("The court cannot overlook [defendant's] failure to exhaust his remedies, as the Third Circuit recently emphasized the need for 'strict adherence' to the exhaustion requirement in the wake of the COVID-19 pandemic.") (citing <u>Raia</u>, 954 F.3d at 597).

Secondly, the court cannot yet determine if Davis has demonstrated that "extraordinary and compelling reasons" due to the COVID-19 pandemic and his medical conditions warrant a reduction of his sentence, since he has not exhausted his administrative remedies. *See* <u>United States v. Zukerman</u>, ---F.Supp.3d---, 2020 WL 1659880, *2 (S.D.N.Y. April 3, 2020) ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must <u>both</u> meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence.") (emphasis added); <u>Raia</u>, 954 F.3d at 597 ("The First Step Act empowers criminal

defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in Raia, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

Finally, to the extent Davis is liberally deemed as also relying on the CARES Act, which was signed into law on March 27, 2020, as well as Barr's March 26, 2020 and April 3, 2020 Memoranda to the BOP, such reliance is misplaced.

"The jurisdiction of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons." United States v. Cruz, ---F.Supp.3d---, 2020 WL 1904476, *4 (M.D.Pa. April 17, 2020); Cordaro, 2020 WL 2084960, *6-7 ("the determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director." (citations omitted). *See also* United States v. Sawicz, 2020 WL 1815851, *1 (E.D.N.Y. April 10, 2020); United States v. Doshi, 2020 WL 1527186, *1 (E.D.Mi. March 31, 2020) (The CARES Act "temporarily permits the Attorney General to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' under §3624(c)(2)", and "the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons."); United States v. Coker, 2020 WL 1877800, *1 (E.D.Tenn. April 15, 2020) (court

stated that while section 12003 of the [CARES Act] "presently and temporarily provides for expanded prisoner home confinement", "[t]he CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons.") (citations omitted); United States v. Berry, 2020 WL 1984117, *3 (M.D.Pa. April 27, 2020) (same); United States v. Williams, 2020 WL 2748287, *1 (E.D.Tenn. May 27, 2020) ("The CARES Act gives decision-making authority to of the Attorney General and the Director of the [BOP]", and "Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.") (citations omitted).

## III.   CONCLUSION

Based on the foregoing, Davis's Emergency Motion for Compassionate Release and request for a time served sentence or for home confinement related to the COVID-19 pandemic, **(Doc. 52)**, will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction due to his failure to exhaust his BOP administrative remedies under §3582(c)(1)(A)(i).

Further, insofar as Davis is challenging any decision by the BOP that he is not eligible for home confinement designation under the CARES Act, the court will **DISMISS** it since the authority to make this determination lies with the BOP Director and not the court. An appropriate order will follow.


s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 6, 2020**
10-187-01

21